```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         PARKERSBURG
```

**ROBERT L. MCLEAR,**

    **Plaintiff,**

**v.**                                    **Case No. 6:06-cv-00060**

**WEST VIRGINIA STATE TAX**
**COMMISSIONER,**

    **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending are Defendant's Motion to Dismiss (docket sheet document # 4) and Plaintiff's Motion for Summary Judgment (# 5). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### PROCEDURAL HISTORY

On January 26, 2006, Plaintiff filed a "Motion for Declaratory Judgment" (# 1), asking this federal court to declare that the provisions of West Virginia Code § 11-21-12(c)(8) and (9)(hereinafter referred to as the "Senior Citizen Deduction") impose a tax on interest from federal obligations reported as income by senior citizens and disabled persons. and that such tax is prohibited by 31 U.S.C. § 3124.  (# 1 at 2).  The basis of Plaintiff's motion/complaint is that he is being improperly taxed

by the State of West Virginia on interest earned on United States savings bonds, which income is supposed to be exempt from state taxation.

On March 16, 2006, following service of process, Defendant filed a Motion to Dismiss, contending that Plaintiff's declaratory judgment action is barred by the Tax Injunction Act, 28 U.S.C. § 1341. (# 4 at 1-2). The Tax Injunction Act provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. The Tax Injunction Act applies to declaratory judgment actions. <u>Jefferson County v. Acker</u>, 527 U.S. 423, 433 (1999). Defendant's Motion to Dismiss further asserts that the Tax Injunction Act is a jurisdictional bar that is not subject to waiver. <u>Folio v. City of Clarksburg</u>, 134 F.3d 1211, 1214 (4th Cir. 1998); <u>Club Association of West Virginia, Inc. v. Wise</u>, 156 F. Supp.2d 599, 609 (S.D. W. Va. 2001). (# 4 at 2).

At the time he filed his Complaint, Plaintiff had two actions concerning his challenge to the calculation of the Senior Citizen Deduction pending in the Circuit Court of Wood County, West Virginia. The first action, <u>McLear v. State Tax Commissioner</u>, Case No. 04-C-392, was filed in the Circuit Court of Wood County on June 15, 2004. On March 27, 2006, that matter was dismissed without prejudice by the Honorable Jeffrey B. Reed, Circuit Judge, for improper venue. Judge Reed's order stated that the proper venue

for such an action was the Circuit Court of Kanawha County, West Virginia. The undersigned's staff has checked the docket of the Circuit Court of Kanawha County and no new action has been filed by Plaintiff in that court as of this date.

The second matter pending in the Circuit Court of Wood County at the time that Plaintiff filed the instant declaratory judgment action was an appeal of the denial of Plaintiff's protest filed with the West Virginia Office of Tax Appeals, <u>McLear v. West Virginia State Tax Department</u>, Case No. 04-P-198, which was filed on November 30, 2004. According to the Clerk's Office for the Circuit Court of Wood County, that matter remains pending.

Defendant contends that Plaintiff cannot demonstrate that the case pending in the Circuit Court of Wood County does not provide a "plain, speedy and efficient remedy" and, therefore, Plaintiff's declaratory judgment action is barred by the Tax Injunction Act. (# 4 at 2).

In response to Defendant's Motion to Dismiss, Plaintiff filed a "Motion for Summary Judgment" on March 20, 2006. (# 5). In his response/motion, Plaintiff contends that the Tax Injunction Act is inapplicable to his claim because, rather than the federal courts interfering with State affairs, here "the State is directly interfering in federal affairs because the contract between the federal government and its bond purchasers promises interest earnings to be exempt from state taxes, 31 USC 3124, Exemption from

3

Taxation." (# 5 at 2). Plaintiff further claims that the State of West Virginia has failed to provide a "plain, speedy and efficient remedy," due to the delay in resolving his tax appeal pending in the Circuit Court of Wood County. (Id.) Plaintiff contends that "there are no remaining factual issues to be resolved" and, therefore, he moves for summary judgment in his favor. (Id. at 4).

## ANALYSIS

The salient issue before this court is whether the Tax Injunction Act applies to Plaintiff's declaratory judgment action. In Folio v. City of Clarksburg, the Fourth Circuit held as follows:

> The Tax Injunction Act is undergirded by a policy of restraint in the federal courts, which, save limited exceptions, are "under an equitable duty to refrain from interfering with a State's collection of its revenue" in light of "the imperative need of a State to administer its own fiscal operations." Tully v. Griffin, Inc., 429 U.S. 68, 73, 97 S. Ct. 219, 222, 50 L. Ed.2d 227 (1976).
>
> * * *
>
> Only when state law provides no "plain, speedy and efficient" remedy may a federal district court order declaratory or injunctive relief that trenches upon "the assessment, levy or collection" of any state or local tax. [Citations omitted].

134 F.3d at 1214. In Folio, the Fourth Circuit also addressed the meaning of a "plain, speedy and efficient remedy" under the Act:

> "On its face, the 'plain, speedy and efficient remedy' exception appears to require a state-court remedy that meets certain minimal *procedural* criteria." Rosewell [v. LaSalle Nat'l Bank, 450 U.S. 503], at 512, 101 S. Ct. at 1229(emphasis in original). The essential question is whether the state remedy "provides the taxpayer with a 'full hearing and judicial determination' at which she may raise any and all constitutional

4

>objections to the tax." Id. at 514, 101 S. Ct. at 1230. Stated differently, the taxpayer is entitled to a meaningful opportunity to assert federal constitutional challenges to the tax in state court.

Id. (emphasis in original).

In Great Lakes Dredge & Dock Co. v. Huffman, the Supreme Court defined the meaning of the phrase "plain, speedy and efficient" under the Tax Injunction Act as follows:

>It is the [federal] court's duty to withhold such relief when, as in the present case, it appears that the state legislature has provided that on payment of any challenged tax to the appropriate state officer, the taxpayer may maintain a suit to recover it back. In such a suit he may assert his federal rights and secure a review of them by this Court. This affords an adequate remedy to the taxpayer, and at the same time leaves undisturbed the state's administration of its taxes.

319 U.S. 293, 300-301 (1943). "[T] applicability of the Tax Injunction Act does not turn on which forum is best able to entertain the action. Rather, the Act bars the exercise of federal jurisdiction whenever the state provides adequate procedures to contest state tax matters." Waldron v. Collins, 788 F.2d 736, 737 n.3 (11th Cir. 1986). The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has such a remedy available to him under West Virginia law.

Under West Virginia Code § 11-10A-19, a taxpayer or the Tax Commissioner may, within 60 days of receiving notice of the final decision, appeal the final decision of the Office of Tax Appeals by taking an appeal to either the circuit court (a) where the activity sought to be taxed took place; (b) where the taxpayer resides; or

(c) where the will of a decedent was probated or letters of administration are granted, or to the Circuit Court of Kanawha County, because the Tax Commissioner's office is located therein. Either party may then appeal to the Supreme Court of Appeals of West Virginia, and ultimately to the United States Supreme Court. See W. Va. Code § 11-10A-19(h). Plaintiff has initiated this process with his tax appeal filed in the Circuit Court of Wood County.

To the extent that Plaintiff has argued in his Motion for Summary Judgment that the delay in processing his tax appeal negates the availability of a "plain, speedy and efficient remedy," and nullifies the application of the Tax Injunction Act, that argument lacks merit. The United States Supreme Court has held that the "plain, speedy and efficient" exception to the Tax Injunction Act must be narrowly construed. California v. Grace Brethren Church, 457 U.S. 393, 413 (1982).

At least one federal court of appeals has held that a delay of over ten years in a state court proceeding challenging a tax assessment did not demonstrate the absence of a speedy state court remedy so as to permit federal court jurisdiction to consider the same challenge. See Long Island Lighting Co. v. Town of Brookhaven, 889 F.2d 428, 433 (2d. Cir. 1989); see also, Lerch v. Cascade Co. Treasurer, 12 F.3d 1107 (9th Cir. 1993)(unpublished)(three-year delay was not procedurally

inadequate); Amos v. Glynn Co. Bd. of Tax Assessors, 347 F.3d 1249 (11th Cir. 2003)(no showing that state procedures were inadequate under Tax Injunction Act); Guertin v. City of Eastport, 143 F. Supp.2d 67, 71 n.3 (D. Me. 2001)(state remedy not procedurally inadequate under Tax Injunction Act).

The undersigned proposes that the presiding District Judge **FIND** that the remedies available to Plaintiff under West Virginia law are not procedurally inadequate under the Tax Injunction Act. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the Tax Injunction Act places Plaintiff's claim concerning the West Virginia Senior Citizen Deduction beyond the jurisdiction of this court. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Motion to Dismiss (# 4) for lack of jurisdiction, and dismiss this action with prejudice. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Motion for Summary Judgment (# 5).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing), from the date of filing this

Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

```
    May 11, 2006                           /s/ Mary E. Stanley
        Date                              Mary E. Stanley
                                          United States Magistrate Judge
```